IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SIKANU-NAHOLO-IMASTUBI
EX REL., ERIQUE RICHARDSON;
WE, THE PEOPLE XI-ANU NATION
OF PALEO AMERICANS                                                                               PLAINTIFF

V.                                                                                       NO. 4:13CV68-DMB-JMV

OFFICER GLORIA RODGERS, ET AL.                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Sikanu-Naholo-Imastubi ("Imastubi"), who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

On September 3, 2011, Imastubi filed a paper with the Washington County Chancery Court purporting to be a deed establishing that he was the owner of the property located at 126 Bayou Rd., Greenville, MS 38701. Imastubi has not alleged that he had previously acquired the property using legal means. He received a certified copy of the "deed" from the court; then he went to the property and entered the residence there, where he placed the document in the window as "notice" of his purported ownership of the property. Imastubi alleges that the property was unlocked when he arrived, wearing a tribal headdress and shoulder overlay, and that each door to an entry had a key in it. As discussed below, however, the owner of the property and the police contend otherwise. It appeared to Imastubi that the property had been vacant for over a year; thus, he alleges that his occupancy of the

property combined with the "deed" established his ownership of the property because of what he calls his "indigenous status."

Imastubi and three of his associates then began "sanitizing" the property and an adjacent shed, when police officers with the Greenville Police Department arrived. They had responded to a call reporting a burglary at the residence, and they questioned Imastubi and the others there with him. He showed the police officers his "deed" and told them that he owned the property, and that if someone else claimed an interest in the property, then that person must resolve the matter through civil litigation. An officer responded, "We are going to handle this our way." John Gist, who called the police about a burglary, told the police that he worked for an insurance company and had an interest in the property, and that the security box had been broken and the keys inside stolen (an account in sharp contrast to the plaintiff's assertion that the keys were in the locks when he arrived).

After the officers questioned Imastubi and his cohorts, they were all arrested for burglary, transported to the Greenville City Jail, and booked. Jail personnel logged in the personal property in Mr. Imastubi's possession: six keys to the residence, a tribal head dressing, a tribal shoulder overlay, twenty dollars, an Empire Washitaw identification card, and a Green Dot credit card bearing the name Kendrick Hubbard.

Imastubi was interviewed regarding his presence in the residence. He told investigators that, as an indigenous man of the Empire Washitaw, under various treaties, he could lawfully claim the property he occupied. Imastubi also claimed that his possession of the "deed" and only keys to the residence further cemented his ownership of it. Imastubi reluctantly signed bond papers and, on September 7, 2011, his bond was set at $150,000.00, and his cohorts' set at $25,000.00 each. The keys to the residence were returned to the real estate agent. Imastubi's bond was later reduced to $25,000.00, and he posted bond and was released on September 16. He returned to the Greenville

Police Department on September 21, 2011, to collect the items taken from his person upon his arrest, but he was told to return the next day. After two more attempts to collect the property, Detective Larry Quijas told him that his property was being held as evidence. Imastubi had not recovered the items at the time he filed the instant suit.

## Failure to State a Claim

None of the plaintiff's allegations state a claim upon which relief could be granted. He filed a false paper in Washington County Chancery Court purporting to establish his ownership of the property in question. He entered that property – which he did not own – without permission in an attempt to claim it as his own based upon a nonexistent legal theory. He took the keys for himself. When those who knew the proper owner reported what appeared to be a burglary in progress at the property, the police responded, determined via a preliminary investigation that Imastubi did not in fact own the property and that he had taken the keys, which he had on his person. Whether he broke into the lockbox and took them or simply removed them from the doors is of no moment. He did not own the house, and the keys were not his to take. He admitted to police investigators that he claimed ownership of the residence in question, and the surrounding properties, by virtue of his self-proclaimed "indigenous status." The police arrested him, and the objects on his person were taken and catalogued – and were held as evidence in the police investigation of the charges of burglary against him. The keys were returned to the Real Estate agent. Imastubi posted bond and was released. Imastubi's allegations do not reveal the ultimate outcome of the case, but in no event do they state a claim for violation of federal law under 42 U.S.C. § 1983.

In addition, a complaint lacks an arguable basis in law if it is "based on an indisputably meritless legal theory," such as if the defendants are clearly immune from suit or if the complaint alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319,

327, 198 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Judges also have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . . Examples . . . are claims describing fantastic or delusional scenarios . . . ." *Id.*, 490 U.S. at 327, 328. The plaintiff's contention – that he possesses the right to claim property by some sort of "instantaneous adverse possession" – is unquestionably a "fantastic or delusional scenario[]." As such, all of Imastubi's allegations are without merit and will be dismissed. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of January, 2014.

/s/ Debra M. Brown
DEBRA M. BROWN
U. S. DISTRICT JUDGE